Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.

---

HERNÁNDEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Legacy.

No. 477.—Decided July 29, 1922.

RECORD OF TITLE—WILL—EXECUTOR.—The facts in this case render the will of the testator doubtful and the question involved being one more proper for

a court to decide, *Held:* That the registrar's refusal to record the document was justified, particularly as the record was asked for in the name of an executor who, however ample his powers, did not acquire the ownership of the property, and if he is compelled to alienate it he does so not in his own right, but as a representative of the testator or the heirs.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On January 31, 1921, in the case of *Hernández v. Registrar of San Juan, ante,* page 59, this appeal was dismissed on the ground that the appellant did not show that he had a right to demand the record of the instrument presented. Thereafter the appellant undertook to show his interest by exhibiting a certificate to the effect that he had purchased the property in question at a sale for delinquent taxes. The certificate is dated July 11, 1918, and was presented in the registry, but on November 7, 1919, the registrar refused to record it "because it appears that Tomasa González died testate and disposed of several parts of the said house, but it does not appear to whom she left part No. 2 mentioned in the certificate and there is nothing to show that in the proceedings for the sale the notices provided for in sections 336, 342 and others of the Civil Code were given." This decision is final.

That being the case, we could well hold that the appellant has not shown his interest, but admitting that he has an interest, we shall proceed to consider the decision appealed from, which reads as follows:

"Record of the foregoing document is refused, after the examination of others, as to part No. 2 of house No. 86 San Sebastián Street of this city, for the following reasons:—First. From clauses 4, 6, 10, 13, 15 and 16 of the will considered together the intention of the testatrix as to the said part of the house appears doubtful and uncertain, for although the fourth clause shows that she directed

that the rent be devoted to masses and alms, without disposing of its ownership to any person, the contents of the other clauses show clearly that she disposed of the whole of the house, not only as to its ownership but also as to the rent, which is a part of the usufruct, the two words being apparently distinguished by the testatrix, and it should be presumed, therefore, that there is some error or omission with regard to the ownership of said part No. 2, by reason of which ambiguity the full ownership thereof can not be recorded in the name of any person, according to the spirit of section 773 of the Spanish Civil Code.—Second. Even in the event that the ownership was not bequeathed to any person, the executor would have no power to have it recorded in his name, for then no disposition has been made of that portion, part of an inheritance or bequest, and it can not be recorded in the name of the executor who, besides, is not universal but special.—Third. The death or resignation of the executor, producing among other causes, the extinction of the executorship and the record not having been asked for personally by him or by his duly accredited representative, it is necessary to show that the executorship is in force and also that the executor, if any, has obtained the corresponding authorization and letters from the court to do the acts here involved, according to section 64 of the Law of Special Legal Proceedings, to which the present acts of the executor must be adapted, which requisites have not been complied with. This defect, together with the others, prevents the record from being made and a cautionary notice has been entered for the time fixed by law at folio 138 of volume 38 of San Juan, property number 493 triplicate, entry letter C.''

The will of Tomasa González, made on August 16, 1877, shows that in the fourth clause she declared as property belonging to her exclusively a one-story masonry house No. 86 San Sebastián Street of this city. She went on to say that the house is divided into five parts. Parts numbers 1, 3, 4 and 5 she bequeathed to certain persons, and with regard to part No. 2 she stated:

''Part Number Two: On the left of part number one and consists of a parlor and hall. It is my wish that from the rent thereof two masses a month, for all time to come, at the cost of one dollar each, be said for the eternal repose of my soul, the re-

mainder to be distributed by my first executor in alms among such paupers as he may consider to be most in need."

The first executor to whom the testatrix refers is Juan Ballesteros Núñez, in whose name Hernández Mena seeks to have the part of the house in question recorded. The fifth part was bequeathed by Tomasa to Higinio Clodomiro, a foundling living in the house of Ballesteros, and in case of his death to the said Ballesteros.

The sixteenth clause of the will reads as follows:

"I declare that I do not designate any heirs for the reason that the house, jewelry, clothing, chinaware, glassware, furniture and credits to which I have referred and which constitute all of my property, I have bequeathed in the foregoing clauses, being in a position to do so because I have no lawful heirs."

These facts explain the perplexity of the registrar in the face of Hernández Mena's petition. The part of the house in question appears still recorded in the registry in the name of Tomasa González and undoubtedly the purpose of the record in the name of Ballesteros is to harmonize the registry with the certificate of sale issued to Hernández Mena wherein Ballesteros appears as the delinquent taxpayer.

The appellant maintains that it must be understood that the testatrix bequeathed that part of the house to her own soul, and therefore that her executor is universal and the property should be recorded in his name, citing the decision of the General Directorate of Registries of Spain of January 7, 1875. Two of the paragraphs thereof are as follows:

"The character and powers of testamentary executors differ according as they are *universal*, those appointed when the testator institutes no heir or the one designated has no personality as in case of the soul, or *special*, those ordinarily appointed to carry out a charitable trust or to aid the heir in the proceedings of liquidation and allotment of the estate; for while the former, according to the most authoritative interpreters of the compiled laws (Matienzo, *Comentar in libro* V, *Recollet. reg. Hisp., glosa 1a., Ley* 14, *tit.* IV,

Carpio, *De execut. test., lib.* I, *cap.* I, *num.* 48), are equal to the heirs, the latter only have the character of mere agents or attorneys in fact with no other powers than those expressly conferred by the testator in the clause making the appointment.

"With regard to universal executors it is established by the jurisprudence of this Directorate that the properties of the estate should be recorded in their names as if they actually were heirs, according to the rule laid down as a basis for the decision of September 5, 1863, where it was held that the real property of an estate should be recorded in the name of the executor when the institution of heirship is made in favor of the soul of the testator."

The opinion of the appellant is not devoid of merit, but in our opinion the attitude of the registrar is also correct, especially considering the rights that other persons and The People of Porto Rico may have in the part of the house in question, the time elapsed, the lack of intervention of the executor, the other provisions of the will, and its peculiarity. Matters of this kind should not be settled by a more or less correct entry in the registry. The courts constitute the proper institution therefor.

Besides, the record asked for seems to be unnecessary. Although it has been held by the Directorate of Registries of Spain that in certain cases record of the property should be made in the name of the executor, that opinion has been combated. Galindo, for example, maintains that the property should not be recorded in the name of the executor because he never acquires the ownership thereof and if he is compelled to convey the property to other persons he does so in the name of the testator or as representative of the heirs. And this court has held in *Coy* v. *Registrar,* 22 P. R. R. 403, and *Ortiz* v. *Registrar,* 23 P. R. R. 652, referring not to the executors, but to the heirs, that when the heirs of a person carry out an unperformed obligation of their ancestor, no prior record in the names of the heirs is necessary.

By virtue of all the foregoing we are of the opinion that the decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.